## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSE PEPPER'S RESTAURANTS, LLC and EDWARD J. GIESELMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:21-cv-2506 |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

### DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II AND III OF PLANTIFFS' COMPLAINT

Defendant Zurich American Insurance Company ("ZAIC" or "Defendant") states the following in support of its Motion to Dismiss Counts II and III of Plaintiffs Jose Pepper's Restaurants, LLC ("Pepper's") and Edward J. Gieselman's ("Gieselman") (collectively, the "Plaintiffs") Complaint for failure to state claims upon which relief may be granted[1]:

---

[1] A partial motion to dismiss tolls the time for answering any remaining counts of the Complaint. *See In re Vaughan Co., Realtors*, 477 B.R. 206, 226 (Bankr. D.N.M. 2012) ("The large majority of courts addressing this issue have held that when a defendant timely files a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., Rule 12(a)(4)(A) extends the time to file an answer as to all claims, including those not addressed by the motion to dismiss. … This Court agrees with that holding.); *Talbot v. Sentinel Ins. Co., Ltd.*, No. 2:11-CV-01766-KJD, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (surveying case law pertaining to partial Rule 12(b)(6) motions); *Low v. Chu*, No. 09-CV-0398-CVE-PJC, 2009 WL 4892600, at *1 (D. Okla. Dec. 14, 2009); *Kent v. Green*, No. 07-cv-02202-ZLW-MJW, 2008 WL 150060, at *1 (D. Colo. Jan. 11, 2008) (finding that a partially dispositive Rule 12 motion altered the responsive pleading date under Rule 12(a)(4)); *see also* 5B Charles Wright et al., *Fed. Prac. & Proc. Civ.* § 1346 (3d ed. 2019 update).  Out of an abundance of caution, ZAIC nonetheless generally and specifically denies all allegations of the Plaintiffs' complaint and preserves and affirmatively asserts all available affirmative defenses pending a decision on this Motion.

4880-6009-2418

## INTRODUCTION

This lawsuit arises out of a dispute about the coverage under a policy of insurance issued by ZAIC to Pepper's, which provided coverage as set forth in the Employment Practices and Third Party Discrimination Liability Coverage Part but did not provide coverage for violations of the Fair Labor Standards Act and state law equivalents.

ZAIC issued Policy Number MPL 0239201-02 to Pepper's for the policy period beginning on April 1, 2020 and ending on April 1, 2021 (the "Policy"). On July 7, 2020, Kira Florece, on behalf of herself and others similarly situated, filed a complaint against Plaintiffs, styled *Kira Florece on behalf of herself and others similarly situated v. Jose Pepper's Restaurants, L.L.C. and Edward J. Gieselman*, in the United States District Court for the District of Kansas, Case No. 2:20-cv-02339 (the "Underlying Lawsuit").

After the plaintiff in the Underlying Lawsuit filed her complaint, Plaintiffs allege to have submitted a claim for defense and indemnity of the Underlying Lawsuit under the Policy. (Doc. 1-1 at p. 3, ¶ 16). Plaintiffs allege ZAIC breached its duty to defend and indemnify as defined under the Policy, refused to settle the Underlying Lawsuit, failed to perform its obligations pursuant to the Policy, made promises to Plaintiffs upon which they relied to their detriment, and intentionally inflicted emotional distress upon Gieselman by allegedly breaching the Policy. (Doc. 1-1 at pp. 8–17, ¶¶ 49–85). ZAIC denies all allegations against it.

Even taking all Plaintiffs' allegations as true, however, Plaintiffs fail to state claims upon which this Court can grant relief. Count II of Plaintiffs' Complaint is duplicative of their breach of contract claim. Count III of Plaintiffs' Complaint is a cause of action for tort based off a breach of contract, and as such, there is no basis for relief. Furthermore, bare, conclusory recitation of

4880-6009-2418

the elements of intentional infliction of emotional distress do not meet the high bar to plead such a claim.

## STANDARD OF REVIEW

To avoid dismissal of any claim under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *State v. Nat'l Indian Gaming Comm'n*, 151 F. Supp. 3d 1199, 1209 (D. Kan. 2015) (citations omitted). "Although the Court must assume that the factual allegations in the complaint are true, it is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1210 (citations omitted). Similarly, a complaint must state a claim for relief that rises above the "speculative level." *Twombly*, 550 U.S. at 555–56.

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). "Also, a court 'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Nat'l Indian Gaming Comm'n*, 151 F. Supp. 3d at 1210 (citations omitted). "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *Myers v. Supreme Court of Kan.*, No. 05-4077-JAR, 2006 WL 276399,

4880-6009-2418

at *3 (D. Kan. Feb. 1, 2006) (citation omitted).

## ARGUMENT

### I.    PLAINTIFFS' PROMISSORY ESTOPPEL COUNT FAILS BECAUSE IT IS BASED ON A CONTRACT THAT WAS SUPPORTED BY CONSIDERATION.

Count II of Plaintiffs Complaint alleges a claim for promissory estoppel. Promissory estoppel may be utilized to enforce a promise if a plaintiff can show: (1) the promisor reasonably expected the plaintiff to act in reliance on the promise, (2) the plaintiff acted as could reasonably be expected in relying on the promise, and (3) a refusal of the court to enforce the promise would sanction the perpetration of fraud or result in other injustice. *See Ayalla v. Southridge Presbyterian Church*, 152 P.3d 670, 677 (Kan. Ct. App. 2007) (citing *Templeton v. Kansas Parole Bd.*, 27 Kan. App. 2d 471, 474-75 (2000)).

Plaintiffs allege: "For nearly a year, Jose Peppers relied on Carrick's direct statements, Zurich's active participation in the litigation, and the glaring lack of a denial or reservation of rights letter to form its belief that Zurich would defend and indemnify Jose Peppers and Gieselman under the Policy." (Doc. 1-1 at p. 12, ¶ 61). This is insufficient to state a cause of action based on promissory estoppel.

In *Decatur County Feed Yard, Inc. v. Fahey*, 974 P.2d 569, 577 (Kan. 1999), the Supreme Court of Kansas noted that "[p]romissory estoppel developed as a substitute for consideration, which allowed a court to enforce an otherwise unenforceable promise." The *Decatur* court found there was "an agreement supported by consideration on either side, and both parties had performed under the agreement for some period of time." *Id.* at 578. The court held: "Promissory estoppel is not applicable to the circumstances in the present case." *Id.*

4880-6009-2418

In *Pizza Management, Inc. v. Pizza Hut, Inc*., 737 F. Supp. 1154, 1168 (D. Kan. 1990), the court also dismissed a promissory estoppel count because it was based on an actual agreement. The court held:

> Plaintiffs do not allege reliance upon promises found in unenforceable contracts or upon promises not found in enforceable contracts. ***Promissory estoppel is applicable only in the absence of an otherwise enforceable contract.*** Plaintiffs, instead, base their promissory estoppel claim on promises said to already exist in enforceable agreements. Because they assert reliance upon promises allegedly expressed in viable agreements, plaintiffs' promissory estoppel claim is necessarily duplicative of their breach of contract claims. Defendants' motion to dismiss count XII is granted.

*Id.* (emphasis added).

In the case at hand, the allegations in Plaintiffs' promissory estoppel count are centered around, and based on, an insurance policy. Plaintiffs allege that ZAIC failed to perform duties under the Policy, specifically the alleged duty to defend and indemnify Plaintiffs in the Underlying Lawsuit, and that because of ZAIC's alleged failure to perform these duties, they suffered a detriment. (Doc. 1-1 at pp. 11–12, ¶¶ 57-69). The promissory estoppel count, therefore, is duplicative of their breach of contract claim and must be dismissed.

## II.    PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS COUNT FAILS BECAUSE A BREACH OF CONTRACT CANNOT CREATE THE BASIS FOR TORT LIABILITY AND PLAINTIFFS DO NOT OVERCOME THE HIGH BAR FOR AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM REGARDLESS.

Count III of Plaintiffs' Complaint alleges a claim for the tort of intentional infliction of emotional distress. The alleged actions that form the basis for this tort arise out of the alleged breach of the Policy and the related allegations contained within Count I of Plaintiffs' Complaint. (Doc. 1-1 at pp. 8–17, ¶¶ 49–85). The alleged conduct also is not objectively outrageous. Accordingly, Count III is prohibited as a basis for relief.

4880-6009-2418

Kansas law has consistently refused to hold that a simple breach of contract creates a basis for tort liability. *See Isler v. Texas Oil & Gas Corp.*, 749 F.2d 22, 23-24 (10th Cir. 1984) (the existence of a contractual relationship bars the assertion of tort claims covering the same subject matter governed by the contract); *see also Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1116 (10th Cir. 2005) (the existence of any tort liability cannot conflict with any contractual duties between the parties); *Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197, 1200 (10th Cir. 1988) (noting that *Isler* holds "no tort duty can be imposed on a party where that party's same duties and rights are specifically defined by contract"); *Ford Motor Credit Co. v. Suburban Ford*, 237 Kan. 195, 203, 699 P.2d 992, 998-1000 (1985) (quoting *Isler* with approval and holding that tort duties may not be imposed where the party's duties and rights are specifically defined by contract). In the absence of such a rule, every alleged breach of contract could give rise to tort liability, blurring the lines between contractual duties and tort duties, and creating an unwarranted judicial intrusion into the marketplace. *Isler*, 749 F.2d at 23-24. The only exceptions to the holding in *Isler* that a mere breach of contract does not create tort liability are fraud and unconscionability. *Id.*

In addition, Kansas courts require plaintiffs pleading an intentional infliction of emotional distress claim to "clear a high bar." *Garver v. Principal Life Ins. Co.*, No. 19-02354-CM-KGG, 2019 WL 5291098, at *3 (D. Kan. Oct. 18, 2019) (citing *Valadez v. Emmis Commc'ns*, 229 P.3d 389, 395 (Kan. 2010) (in which an intentional infliction of emotional distress claim based on incorrectly identifying an innocent plaintiff as the BTK serial killer was deemed insufficient to overcome the high pleading bar)). Allegations must "go[] beyond the bounds of decency and [be] utterly intolerable in a civilized society." *Id.* General allegations of misrepresentation or

6

negligence that lack any related allegation of "objectively outrageous conduct" do not meet this standard. *See id.*

In this case, Plaintiffs' allege breach of contract under the Policy. (Doc. 1-1 at pp. 8–11, ¶¶ 49–56). Yet, at the same time, Plaintiffs seek to allege a tort claim that arises from and is covered by the very same contract claim. Namely, Plaintiffs allege that ZAIC intentionally caused Gieselman emotional distress by allegedly breaching the Policy. (*See*, *e.g.*, Doc. 1-1 at p. 15, ¶ 72). As set forth in the cases above, however, Plaintiffs' allegations are insufficient to impose tort liability on ZAIC. Further, Plaintiffs' Complaint does not include allegations of fraud or unconscionability, and thus, the exceptions to the holding in *Isler* do not apply.

Even if Plaintiffs could plead a tort claim here, Plaintiffs do not meet the standard to plead an intentional infliction of emotional distress claim. Plaintiffs fail to distinguish how ZAIC's alleged conduct is any different or more stressful than the complex litigation based on *Pepper's own conduct*. (*See* Doc. 1-1 at p. 16, ¶ 82). Furthermore, Plaintiffs fail to allege that Zurich knew about Gieselman's medical condition or how Gieselman's medical condition was someone worsened or exacerbated by any alleged conduct by ZAIC. (*Id.* at pp. 14–17, ¶¶ 70–85). Regardless, any such allegations, even if pled, are not objectively more outrageous than wrongfully accusing an innocent person of being a serial killer, which also did not pass the high bar to survive dismissal.

Therefore, this Court should also dismiss Count III of Plaintiff's Complaint.

**CONCLUSION**

For the foregoing reasons, Defendant Zurich American Insurance Company respectfully requests that this Court to dismiss Counts II and III of Plaintiffs' Complaint for failure to state claims under Fed. R. Civ. P. 12(b)(6).

7

Dated: November 4, 2021.                    Respectfully submitted,

                                            s/ Larry D. Fields
                                            Larry D. Fields            KS# 15753
                                            Meredith A. Webster        KS# 25103
                                            **KUTAK ROCK LLP**
                                            Two Pershing Square
                                            2300 Main Street Ste. 800
                                            Kansas City, MO 64108
                                            (816) 960-0090 (Telephone)
                                            (816) 960-0041 (Facsimile)
                                            Larry.Fields@Kutackrock.com
                                            Meredith.Webster@Kutakrock.com
                                            **ATTORNEYS FOR DEFENDANT**
                                            **ZURICH AMERICAN INSURANCE**
                                            **COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2021, a true and correct copy of the above and foregoing *Defendant Zurich American Insurance Company's Memorandum in Support of Its Motion to Dismiss* was filed with the Clerk of the Court of Kansas by using the CM/ECF electronic filing system, which will send notification of such filing to the following counsel of record:

Shannon D. Johnson
Julie E. Parisi
SEIGFREID BINGHAM, P.C.
2323 Grand Boulevard, Suite 1000
Kansas City, MO 64108
sjohnson@sb-kc.com
jparisi@sb-kc.com
ATTORNEYS FOR PLAINTIFF

                                            s/ Larry D. Fields
                                            Attorney for Defendant Zurich American
                                            Insurance Company

8

4880-6009-2418