# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSE PEPPER'S RESTAURANTS, LLC
and, EDWARD J. GIESELMAN,

     Plaintiffs,

v.

ZURICH AMERICAN INSURANCE
COMPANY,

     Defendant.

Case No. 2:21-CV-02506-TC-GEB

## AMENDED NOTICE OF REMOTE VIDEO DEPOSITION OF THE CORPORATE REPRESENTATIVE OF JOSE PEPPER'S RESTAURANTS, LLC

Defendant Zurich American Insurance Company ("ZAIC"), by and through counsel of record and pursuant to Fed. R. Civ. P. 30(b)(6), hereby gives notice to take the deposition upon oral examination of the Corporate Representative of Jose Pepper's Restaurants, LLC ("Jose Pepper's"), on Friday, August 5, 2022, beginning at 9:00 a.m. Central Standard Time.  The deposition testimony shall be taken and recorded by remote audio-video conference via Zoom, before a certified court reporter of Lexitas, 1608 Locust Street, Kanas City, Missouri 64108, who is authorized to administer oaths.  The deposition shall continue from day-to-day until complete.

PLEASE TAKE FURTHER NOTICE that the court reporter will record the testimony by remote audio-video conference via Zoom and electronically.  Counsel for the parties and their clients will be participating from various, separate locations via video conferencing technology.  Each participating attorney may be visible to all other participants, and their statements will be audible to all participants.  Counsel for all parties will be required to stipulate on the record their consent to this manner of deposition and their waiver of any objection to the manner of deposition,

4878-5456-8485

including any objection to the admissibility at trial of this testimony based on this manner of deposition.

Pursuant to Fed. R. Civ. P. 30(b)(6), Jose Pepper's must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and who possesses knowledge regarding the matters set forth in the attached **Exhibit A** and incorporated by reference herein.

The access link to this remote video deposition will be sent electronically by Lexitas to the following e-mail addresses for participation in this deposition:

| | |
|---|---|
| Shannon D. Johnson | Larry D. Fields |
| Julie E. Parisi | Meredith A. Webster |
| SEIGFREID BINGHAM, P.C. | KUTAK ROCK LLP |
| 2323 Grand Boulevard, Suite 1000 | 2300 Main Street, Suite 800 |
| Kansas City, MO 64108 | Kansas City, MO 64108 |
| sjohnson@sb-kc.com | P: 816-960-0090; fax: 816-960-0041 |
| jparisi@sb-kc.com | larry.fields@kutakrock.com |
| **ATTORNEYS FOR PLAINTIFFS** | meredith.webster@kutakrock.com |
| | **ATTORNEYS FOR DEFENDANT** |
| | **ZURICH AMERICAN INSURANCE** |
| | **COMPANY** |

Dated: July 26, 2022

Respectfully submitted:

*s/ Meredith A. Webster*

| | |
|---|---|
| Larry D. Fields | KS #15753 |
| Meredith A. Webster | KS #25103 |

KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO 64108
P: 816-960-0090; fax: 816-960-0041
larry.fields@kutakrock.com
meredith.webster@kutakrock.com
**ATTORNEYS FOR DEFENDANT**
**ZURICH AMERICAN INSURANCE**
**COMPANY**

2

4878-5456-8485

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2022, a true and correct copy of the above and foregoing ***Amended Notice of Remote Video Deposition of the Corporate Representative of Jose Pepper's Restaurants, LLC*** was filed with the Clerk of the Court of Kansas by using the CM/ECF electronic filing system, which will send notification of such filing to the following counsel of record

Shannon D. Johnson
Julie E. Parisi
SEIGFREID BINGHAM, P.C.
2323 Grand Boulevard, Suite 1000
Kansas City, MO 64108
sjohnson@sb-kc.com
jparisi@sb-kc.com
ATTORNEYS FOR PLAINTIFFS

*s/ Meredith A. Webster*
Attorney for Defendant Zurich American
Insurance Company

3

4878-5456-8485

## EXHIBIT A

## DEFINITIONS

For the purposes of this exhibit, the following definitions apply:

1.     "Jose Pepper's" means Plaintiff Jose Pepper's Restaurants, LLC, and its parents, predecessors, successors, affiliated companies, acquired companies, insurers, directors, officers, shareholders, employees, representatives, and agents.

2.     "Gieselman" means Plaintiff Edward J. Gieselman.

3.     "ZAIC" means Zurich American Insurance Companies and its directors, officers, claims professionals, employees, representatives, and agents.

4.     "Policy" means Policy No. MPL 0239201-02, which was issued to Named Insured Jose Pepper's Restaurants, LLC for the policy period beginning April 1, 2020 and ending April 1, 2021.

5.     "Underlying Lawsuit" refers to the lawsuit filed in the United States District Court for the District of Kansas styled Kira Florece on behalf of herself and others similarly situated v. Jose Pepper's Restaurants, LLC and Edward J. Gieselman, Case No. 2:20-cv-02339.

6.     "Florece Claim" refers to ZAIC Claim No. 9410665614.

7.     "Gilmore Claim" refers to ZAIC Claim No. 9410641306.

8.     "Green Claim" refers to ZAIC Claim No. 9410659758.

9.     "Bukaty" means Bukaty Companies, LLC and its parents, predecessors, successors, affiliated companies, acquired companies, insurers, directors, officers, shareholders, employees, representatives, and agents.

10.     "SIR" refers to the Self-Insured Retention of $50,000 within the terms of the Policy.

11.     "Documents" or "document" means writings, recordings, and electronically stored information and includes the originals, all copies that are not identical to the original or to each other, and all drafts of all written, reported, recorded, or graphic matter, however produced or reproduced, now or at any time in your possession, custody, or control, including but not limited to correspondence, e-mails, contracts, telegrams, memoranda, minutes, notes, reports, records, drafts, recordings, notebooks, plans, drawings, photographs, sketches, specifications, instructions, insurance contracts, title documents, checks, notes, medical records, and all records by electronic, photographic, or mechanical means. All documents within your possession, custody, or control shall be produced without limitation. A document is deemed to be in your control if you have a superior right to compel the production of the requested discovery from a third party (including an agency, authority, or representative).

4

4878-5456-8485

12.     "Communications" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, facsimile transmissions, electronic mail messages, letters, notes, telegrams, or other forms of verbal discourse, whether oral or written, as well as transmittals, disclosures, transfer or exchange of information by any means, and includes any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between Persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other Document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

## **TOPICS**

A.     The individuals at Jose Pepper's responsible for procuring the Policy from, and negotiating the terms of coverage with, Bukaty between 2018 and 2020, as well as who at Jose Pepper's was responsible for insurance-related decisions during that same time.

B.     Whether Jose Pepper's purchased or attempted to purchase insurance coverage for FLSA and related claims between 2018 and 2020, including whether and when any representative of Jose Pepper's reviewed the Policy to ascertain any coverage for FLSA and related claims.

C.     Jose Pepper's' decision to change its policy coverage with ZAIC in or around November 2019, including Jose Pepper's' understanding, if any, of the changes to the duty to defend and how Jose Pepper's reached that understanding.

D.     The reservation of rights letters in the Gilmore Claim and Green Claim, including discussions therein about the lack of coverage for FLSA and related claims and whether and when the reservation of rights letters were shared with Jose Pepper's' defense counsel.

E.     The decision to defend the Underlying Lawsuit rather than settle early, who was involved in that decision, what information was considered in making that decision, what information informed the belief that the Underlying Lawsuit had no merit, and whether the decision or the information leading to the decision was ever shared with ZAIC.

F.     Jose Pepper's' knowledge of the Policy's requirements to trigger any right to payment of defense costs and the facts that support that it or Husch Blackwell could and did meet the Policy's requirements.

G.     The facts supporting or informing Jose Pepper's' belief that anyone at ZAIC assigned Tyler Hibler and Husch Blackwell to defend the Underlying Lawsuit.

H.     The facts and documents supporting Jose Pepper's' allegations that its defense counsel collaborated or consulted with, sought approval from, updated, or was otherwise directed by ZAIC in connection with the defense or strategy in the Underlying Lawsuit.

4878-5456-8485

I. Any promise that Jose Pepper's claims that ZAIC made in connection with the Underlying Lawsuit.

J. When, who, and by what method of communication Jose Pepper's claims that ZAIC represented that its maximum exposure for the Underlying Lawsuit was the $50,000 SIR.

K. The alleged acts or omissions by ZAIC, if any, that Jose Pepper's claims have harmed it or Edward Gieselman, other than the decision to deny coverage under the Policy for the Underlying Lawsuit.

L. The invoices from Husch Blackwell related to the Underlying Lawsuit.

M. Communications with ZAIC related to invoices from Husch Blackwell.

N. The Policy provisions on which Jose Pepper's is relying to claim ZAIC owes defense and indemnity for the Underlying Lawsuit.

O. Conversations with Brett Carrick or any other ZAIC representative about the Underlying Lawsuit, the Gilmore Claim, or the Green Claim.

P. Mediation of the Underlying Lawsuit, including any statements or communications by Brett Carrick during mediation and any settlement negotiations therein.

4878-5456-8485